UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAL FAMILY TRUST,

                              Appellant,

         -v-

TICOR TITLE INSURANCE ET AL.,

                              Appellees.

Case No. 12-CV-8029 (KMK)

OPINION AND ORDER

KENNETH M. KARAS, District Judge:

        Appellant Pal Family Trust brings this appeal of the bankruptcy court's dismissal of its

Chapter 7 case.  For the reasons that follow, the Court affirms the bankruptcy court decision.

I.  Background

        Following more than a year of proceedings, on August 20, 2012, the bankruptcy court

dismissed Appellant's Chapter 7 case citing Appellant's failure to comply with its obligations to

file schedules, provide the Trustee with tax returns and other documents, and cure the

deficiencies in filing prior to the deadline for doing so.  (Bankr. Case No. 11-22214, Dkt. No.

96.)  The decision specifically barred Appellant from commencing a bankruptcy case in any

bankruptcy court for 180 days without first obtaining leave of the bankruptcy court.  (*Id.*)  On

August 28, 2012, the bankruptcy court denied Appellant's motion for reconsideration.  (Bankr.

Case No. 11-22214, Dkt. No. 100.)

        On November 2, 2012, Appellant filed this appeal.[1]  Following a conference with the

_____

        [1]  The Court notes that Appellant's Notice of Appeal identifies only one date for the
order being appealed, August 28, 2012, which is the date the bankruptcy court denied
Appellant's motion for reconsideration.  (Dkt. No. 1)  However, in the space designated for the

Court on February 25, 2013, the Court directed Appellant to submit a letter by March 7, 2013 explaining why the appeal should not be dismissed on the merits and/or as moot in light of the expiration of the 180-day bar on refiling.  (Dkt. No. 9.)  In response, Appellant has submitted multiple letters: a letter correcting an "error" with respect to the leasehold history of its property and expressing its disagreement with the dismissal of Ticor from a state court case involving that property, (Dkt. No. 10); a letter describing the history of Appellant's state court dispute with Ticor, which Appellant characterizes as a "'RICO' conspiracy to rob the Pals and make them lose everything," (Dkt. No. 15); a letter claiming that the state court dismissal was the result of Tamara Pal's illness and not based on the merits, that this bankruptcy proceeding should have automatically stayed the state court action, that the bankruptcy court erred in not ruling on Appellant's motion for contempt and its motion to recover "27 boxes of documents" from an attorney in the state court litigation, all of which "proves the conspiracy . . . Appellees . . . are looking to grab the property and turn it into money for themselves.  The Debtor, the victims are the losers. 'RICO,'" (Dkt. No. 16); a letter claiming that the contents of "the 27 boxes" would disclose attempts by a prior lawyer to "sell us down the river," (Dkt. No. 17); a letter reiterating the need for the 27 boxes of documents and claiming that the Albany County Attorney's Office committed "crimes of perjury" during the state proceeding along with other attorneys, who

---

names and addresses of all parties, Appellant wrote the statement: "I appeal from any and all aspects of the Honorable Judge Drain[']s Decision and Order and[/]or Dismissal of the recent hearings and[/]or a motion for reconsideration." (*Id.*)  In light of Appellant's clear intent to appeal both the underlying order and the denial of its motion for reconsideration, the Court interprets this appeal as implicating both the underlying August 20, 2012 dismissal order as well as the August 28, 2012 denial of reconsideration.  *See "'R'" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122 (2d Cir. 2008) (explaining that the filing of a notice of appeal from the denial of a motion for reconsideration "sufficed to bring up for review the underlying order"); *see also United States v. Schwimmer*, 968 F.2d 1570, 1575 (2d Cir. 1992) (noting that the Second Circuit adopts a "flexible approach" to construing notices of appeal).

2

"conspired to [illegible] the perjury and grand larceny," and asking this Court to "ferret out the crimes," (Dkt. No. 20); and finally, another letter requesting that this Court order production of the 27 boxes of documents, alleging that "the Defendants in this Case" (which the Court assumes to be a reference to Appellees) committed "major crimes such as robbery, perjury, or the violation of the Racketeering Statute," and describing a number of meetings and other unsubstantiated conduct by attorneys in the state court case designed to harm Appellant, (Dkt. No. 22). On March 15, 2013, Appellees Ticor Title Insurance Company and Ticor Title Guarantee Company submitted a letter explaining that Appellant's submissions do not address the merits of the appeal, and arguing that the appeal is "meritless and moot." (Dkt. No. 18.) The former Chapter 7 Trustee joined the request to dismiss the appeal. (Dkt. No. 19.)

## II.  Discussion

### A.  Jurisdiction

The Court begins, as it must, with Appellees' claim that the Court lacks jurisdiction to review the appeal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction . . . ."). Appellees argue that the bankruptcy court's dismissal with prejudice is now functionally a dismissal without prejudice following the expiration of the time bar to refiling, and therefore, the appeal is moot. Thus, the key question is whether a district court has jurisdiction to review a bankruptcy court dismissal, when that dismissal is without prejudice.

Pursuant to 28 U.S.C. § 158, district courts have jurisdiction "to hear appeals from final judgments, orders, and decrees" issued by bankruptcy courts. 28 U.S.C. § 158(a). "[A] bankruptcy judge's order is final if it completely resolve[s] all of the issues pertaining to a

discrete claim, including issues as to the proper relief." *Pegasus Agency, Inc.v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 885 (2d Cir. 1996); *see also United States v. Bloom (In re Palm Coast, Matanza Shores Ltd. P'ship)*, 101 F.3d 253, 256 (2d Cir. 1996) (holding that order was final where "[n]othing in the order of the bankruptcy court or its affirmance by the district court indicates any anticipation that the decision will be reconsidered"). *But see Bank Brussels Lambert v. Coan* (*In re AroChem Corp.)*, 176 F.3d 610, 620 n.6 (2d Cir. 1999) (noting that *Palm Coast*'s expansive standard for finality "may cut against the grain of prior Circuit precedent," but nevertheless recognizing it as binding authority).

Here, the Court concludes that the August 20, 2012 order dismissing Appellant's case is final, and therefore, this Court has jurisdiction to review it under 28 U.S.C. § 158 for several reasons. First, the bankruptcy court's dismissal "completely resolve[d]" the underlying proceeding: it dismissed the case entirely, and it otherwise gave no indication that the bankruptcy court would reconsider the decision. *See In re Pegasus Agency, Inc.,* 101 F.3d at 885-86 (finding order denying relief from automatic stay and remanding for various reorganization activities to be final, because denial of relief from automatic stay would not be reexamined except in light of a potential reorganization); *In re Palm Coast*, 101 F.3d at 253 (explaining that order permitting trustee to retain his real estate firm as a real estate consultant was final, because the decision would not be reconsidered by the lower courts). In fact, the bankruptcy court docket for this case was closed following the denial of reconsideration, and it was reopened only upon this appeal. (Bankr. Case No. 11-22214.) *See Nat'l Gypsum Co. v. Prostok*, No. 98-CV-0869, 2000 WL 1499345, at *8 (N.D. Tex. Oct. 5, 2000) (finding bankruptcy court order, which stated "this adversary proceeding is administratively closed without prejudice" to be final where "Bankruptcy Court's statements show that the court clearly

4

intended to effect a final dismissal of a claim" (internal quotation marks omitted)).

Second, although the Second Circuit has not specifically addressed the finality of a dismissal without prejudice in the bankruptcy context, its decisions that dismissals without prejudice are final and appealable in other contexts support this conclusion. *See Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006) ("It is well established in this circuit that a dismissal without prejudice, absent some retention of jurisdiction, is a final decision within the meaning of 28 U.S.C. § 1291, and hence, appealable."); *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005) (holding in an ERISA case that "a dismissal without prejudice, absent some retention of jurisdiction such as an invitation to amend the complaint, terminates the action and is a final decision from which an appeal lies"); *Salim Oleochemicals v. M/V SHROPSHIRE*, 278 F.3d 90, 93 (2d Cir. 2002) (holding, in context of arbitration, that "a dismissal without prejudice in favor of arbitration is an appealable decision under the FAA"). *See generally* 15A Charles Alan Wright, Arthur Miller, & Edward H. Cooper, Federal Practice and Procedure § 3914.6 (2d ed. 2012) ("Many cases reflect the rule that a dismissal without prejudice is appealable as a final judgment.").  There is no reason the Second Circuit would not apply these cases to the bankruptcy context, especially because it has held that finality in bankruptcy jurisdiction is viewed more broadly than in other contexts. *See In re Pegasus Agency, Inc.*, 101 F.3d at 885 (observing that finality for purposes of a bankruptcy appeal is "more flexible than in ordinary civil litigation, because bankruptcy proceedings often continue for long periods of time and discrete claims are resolved from time to time over the course of the bankruptcy proceeding"); *see also In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 76 (2d Cir. 2012) (holding that because "as a general matter . . . denials of intervention are final appealable

5

orders," and because finality is "more flexible" in the bankruptcy context than in non-bankruptcy cases, a bankruptcy court's denial of intervention order was final and appealable); 16 Charles Alan Wright, Arthur Miller, & Edward H. Cooper, Federal Practice and Procedure § 3926.2 (2d ed. 2012) ("Virtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.").

Third, the Second Circuit and lower courts therein have found jurisdiction to review other types of orders entered without prejudice in the bankruptcy context. *See In re Lehman Bros. Holdings Inc.*, 697 F.3d at 76 (reviewing a bankruptcy court order denying creditors' motion for leave to intervene without prejudice)*; In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2d Cir. 1993) (reviewing a bankruptcy court decision that dismissed adversary proceeding "without prejudice as moot," because it was barred by a separate declaratory judgment); *see also In re Lehman Bros. Holdings Inc.*, 435 B.R. 122, 137 (S.D.N.Y. 2010) (reviewing bankruptcy court order denying request for relief from stay "without prejudice," and noting that "the Court is not so much reviewing a finding that the stay should never be lifted, but only a finding that cause did not exist to lift the stay on [the date of the decision]"), *aff'd sub nom. Suncal Cmty. I LLC v. Lehman Commercial Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010).

The Court recognizes that "[t]here is authority in this Circuit for the proposition that a bankruptcy court's order granting a motion to dismiss an adversary proceeding without prejudice is an interlocutory order[,]" and therefore, not appealable. *Unsecured Claims Estate Rep. of Teligent, Inc. v. Banda 26, S.A. (In re Teligent, Inc.)*, No. 04-CV-5394, 2004 WL 1921851, at *2 (S.D.N.Y. Aug. 30, 2004) (noting this authority but not deciding the issue (citing *In re Ribkov Realty Corp.*, No. 99-CV-984, 1999 WL 529557, at *14 (E.D.N.Y. July 21, 1999) ("[T]he

dismissal of an adversary proceeding without prejudice is not an appealable final order.")));  *see also Mealer v. GMAC Mortg. LLC*, No. 10-CV-8172, 2010 WL 5058351, at *3 (D. Ariz. Dec. 6, 2010) ("The only disposition of those claims by the bankruptcy court, with respect to the moving defendants, was a dismissal without prejudice.  Such a dismissal does not function as a final judgment on the merits." (footnote omitted)); *Hughes v. Jamestown Square LLC*, No. 09-CV-60086, 2009 WL 585975, at *2 (S.D. Fla. Mar. 6, 2009) (holding that bankruptcy court dismissal without prejudice was not final for jurisdictional purposes, because "Appellant was permitted to refile his Involuntary Petition"), *aff'd sub nom. In re Hughes*, 356 F. App'x 300 (11th Cir. 2009).  However, the facts of these cases are distinguishable from the present appeal.  First, in both *Teligent* and *Ribkov*, appellants had already filed amended complaints in the bankruptcy court presumably curing the defects identified in the dismissals without prejudice, *see Teligent*, 2004 WL 1921851, at *2;  *Ribkov*, 1999 WL 529557, at *14, and demonstrating that the cases were not "completely resolved," a circumstance not present in this appeal.  *See Radogna v. Williams Township (In re Radogna)*, 331 F. App'x 962, 964 n.2 (3d Cir. 2009) ("The dismissal of Radogna's complaint technically was without prejudice because both the Bankruptcy Court and District Court gave him leave to re-file it through counsel, but both courts' orders effectively are final because Radogna has stood on his purported right to proceed with the complaint pro se.");  *In re Emerald Casino, Inc.*, 334 B.R. 378, 385 (N.D. Ill. 2005) (explaining that "[e]ven though the bankruptcy court dismissed the complaint without prejudice, given its holding, no reasonably anticipated amendment to the Complaint would change the bankruptcy court's ruling," and therefore considering the dismissal to be final for jurisdictional purposes), *aff'd sub nom. Vill. of Rosemont v. Jaffe*, 482 F.3d 926 (7th Cir. 2007).

7

Second, *Teligent* relies primarily on *Ribkov,* which in turn cites two out-of-circuit cases, *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995), and *Associates Finance, Inc. v. Amann*, 57 B.R. 379, 380 (N.D. Ill. 1986), neither of which is squarely on point.  In *Chemetron Corp.,* the Third Circuit expressly relied on the fact that "the bankruptcy court reserved ruling on the issue of discharge" in finding that the dismissal without prejudice was non-final, 72 F.3d at 350; moreover, its "without prejudice" posture carried a different meaning in the Third Circuit, where unlike in the Second Circuit, "orders dismissing a complaint without prejudice are not final unless plaintiff can no longer amend the complaint," *In re Flanagan*, 999 F.2d 753, 755 (3d Cir. 1993).  Similarly, in *Associates Finance*, the order held to be non-final was a dismissal without prejudice *with leave to amend*, 57 B.R. at 380; indeed, in the Second Circuit, a court's grant of leave to amend can render a without prejudice dismissal non-final, *see Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 448 (2d Cir. 1978).  *See also Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 128 (D. Md. 2012) (relying on the bankruptcy court's grant of leave to amend to find that order was non-appealable:  "The Bankruptcy Court's express authorization to [appellant] to file an amended complaint deprived the Adversary Order of finality.  This is made clear by the fact that [appellant] repeatedly sought, and was granted, extensions of time to file an amended complaint, and ultimately filed one.")  Unlike these cases, Appellant did not file a new complaint or provide any indication that it would do so, the bankruptcy court did not reserve ruling on any issues, and the bankruptcy court dismissed without prejudice and without granting leave to amend.  Therefore, the Court has jurisdiction to review the bankruptcy court's order dismissing Appellant's case.[2]

---

[2]  In any event, if the dismissal order were construed as interlocutory, in order to promote judicial efficiency and resolve this matter, this Court would exercise its jurisdiction under 28

B.  Merits

The Court now turns to the merits of the appeal.[3]  A district court "acts as the first level of appellate review for orders from the bankruptcy court.  On appeal, the court may 'affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings.'"  *Lear Corp. v. Lacava* (*In re Lear Corp.*), No. 12-CV-2626, 2012 WL 5438929, at *1 (S.D.N.Y. Nov. 5, 2012) (citation omitted).  A district court reviews a bankruptcy court's legal rulings de novo.  *Id.*  "When reviewing a bankruptcy court's findings of fact, [however,] a district court reviews for clear error only and accepts its factual findings unless they are clearly erroneous."  *Economic Dev. Growth Enters. Corp. v. McDermott*, 478 B.R. 123, 127 (N.D.N.Y. 2012); *see also COR Route 5 Co. v. The Penn Traffic Co.* (*In re The Penn Traffic Co.*), 524 F.3d 373, 378 (2d Cir. 2008) ("[T]he factual determinations of the Bankruptcy Court in this core proceeding are reviewed for clear error.").

The bankruptcy court held that "the Debtor has failed to perform the duties imposed on the Debtor under the Bankruptcy Code and that there is no valid purpose to be served by the continuation of this case."  (Bankr. Case No. 11-22214, Dkt. No. 96.)  At no time during the February 25, 2013 conference before this Court or in its several subsequent submissions did

---

U.S.C. § 158, which permits a district court to grant leave to review "other interlocutory orders and decrees."  28 U.S.C. § 158(c); *see Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176 F.3d 610, 618 (2d Cir. 1999) (explaining that a party can appeal "from orders that are nonfinal if taken with leave of the district court" pursuant to 28 U.S.C. § 158(c)).

[3]  The Court notes that Appellant purports to comply with its Federal Rule of Bankruptcy Procedure 8006 obligation to designate the record on appeal by filing a document containing a list of each and every bankruptcy court docket entry, but Appellant did not include the underlying documents.  (Dkt. No. 2.)  Notwithstanding this designation, the Court has electronically accessed the relevant listed documents in order to consider this appeal.

Appellant contest this finding, and upon reviewing the record, the Court finds that the bankruptcy court committed no error, clear or otherwise, in reaching this conclusion.  *See In re 347 Linden LLC*, No. 11-CV-1990, 2011 WL 2971496, at *5 (E.D.N.Y. July 20, 2011) (explaining that "failure to provide information requested by the U.S. Trustee is a ground for dismissal" and affirming bankruptcy court's dismissal on that basis)*; Bristol v. DeRosa*, No. 09-CV-3730, 2010 WL 3924911, at *4 (E.D.N.Y. Sept. 30, 2010) (in Chapter 13 context, affirming bankruptcy court's dismissal where appellant failed to to file tax returns and fulfill other basic documentary requirements).

Appellant's submissions do address a number of other issues, none of which is relevant to the merits of *this* appeal.  First, Appellant argues that a state court decision dismissing Ticor in a separate action should have been stayed by this bankruptcy proceeding.  (Dkt. Nos. 10, 15, 16.) This argument appears to have originated from an October 6, 2011 bankruptcy court order, which determined that the automatic stay did not apply to a state court action commenced by nondebtor entities against Ticor.  (Bankr. Case No. 11-22214, Dkt. No. 40; Bankr. Case No. 11-22214, Dkt. No. 95, Trans. of Conference held on Aug. 16, 2012 at 17-22 (explaining the differences in the entities involved in each action).)  But, Appellant already appealed this order, and on March 30, 2012, Judge Briccetti affirmed the bankruptcy court's decision.  (Case No. 11-CV-7468, Dkt. No. 16.)  The Court rejects Appellant's attempt to re-litigate that appeal under the guise of this appeal.

Second, Appellant argues that the bankruptcy court "did not recover the 27 boxes of documents," (Dkt. Nos. 17, 20, 22), presumably from the Pal's former lawyer in a state court

case.[4]  As an intitial matter, the Court notes that the bankruptcy court denied Appellant's motion

for a contempt order with respect to turnover of the documents, (Bankr. Case No. 11-22214, Dkt.

No. 94), an order not appealed to this Court.  And, even if the Court were to consider the

turnover of these documents in the context of this appeal, Appellant makes no attempt to explain

why its interactions with former attorneys are relevant to its failure to comply with its

obligations as a Chapter 7 debtor.  (Bankr. Case No. 11-22214, Dkt. No. 95, Trans. of

Conference held on Aug. 16, 2012 at 25-27 (explaining that no formal request was made for the

documents in the bankruptcy case).)

　　　　Finally, Appellant makes various references to RICO or a conspiracy in its submissions.

(Dkt. Nos. 15, 16, 17, 20, 22.)  To the extent that Appellant wishes to allege a RICO claim

against Appellees or attorneys involved in a state court case, its appeal of a bankruptcy court

order dismissing a Chapter 7 bankruptcy proceeding for failure to comply with its basic

obligations as a debtor is not the appropriate means.[5]

--------

[4]  The Court also notes that Appellant's Statement of Issues for Appeal refers to a dispute with a different attorney, Michael Koplen, who Appellant claims "did not participate in the hearing even though their [sic] was a written agreement signed in effect to do everything necessary . . . for that upcoming hearing."  (Dkt. No. 2.)  Although Appellant does not pursue this position in its latest written submissions, the Court notes that Michael Koplen represented the Pal Family Credit Company, Inc. in a Chapter 11 bankruptcy proceeding, (Bankr. Case No. 12-20009), and did not participate in the August 16, 2012 conference before the bankruptcy court with respect to this case, (Bankr. Case No. 11-22214, Dkt. No. 95, Trans. of Conference held on Aug. 16, 2012 at 12).  In fact, Mr. Koplen stated that he was not retained to represent the Pal Family Trust and not familiar with the facts of this case.  (*Id.* at 12:14-23.)  The Court notes that this statement, to which Appellant did not object, is consistent with Appellant's repeated requests for an attorney or guardian ad litem in *this* case.  To the extent that Appellant seeks to appeal issues from the Pal Family Credit Company, Inc. Chapter 11 case, that case is not before this Court, and in fact, an appeal in the Chapter 11 case is pending before a different court. (Bankr. Case No. 12-20009, Dkt. No. 39.)

[5]  Similarly, this Court does not address Appellant's unsubstantiated allegations as to the professional and personal conduct of the attorneys involved in the state case, which have no

III. Conclusion

For the reasons stated herein, the judgment of the bankruptcy court is hereby affirmed,

and the case is dismissed. The Clerk of the Court is respectfully directed to close the case.


SO ORDERED.


Dated:       White Plains, New York
             April 10, 2013

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

---

place in this appeal.

12